### PEOPLE v. BRADY et al.

*(Common Pleas of New York City and County, General Term.* December 2, 1889.)

BAIL—JUDGMENT ON FORFEITED RECOGNIZANCE—VACATION.

Where the security for one accused of keeping open on Sunday a place for sale of liquor made effort to secure his due attendance, but failed, and the prisoner afterwards appeared, was convicted, and paid a' fine, the forfeited recognizance will be discharged.

Application to discharge a judgment and forfeited recognizance, in which James Brady was principal, and Oscar J. Mayer surety.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*John R. Fellows,* Dist. Atty., for the People. *Townsend, Dyett & Einstein,* for defendants.

PER CURIAM. The prisoner Brady was accused of keeping open on Sunday a place duly licensed for the sale of spirituous liquors, No. 342 First avenue. He was admitted to bail in the sum of $100, and required to appear for trial on the 5th day of December, 1888. The security made effort to secure his attendance on that day, but was unsuccessful, and the bond was forfeited. On the 28th May, 1889, the prisoner appeared before the court, was tried, convicted, and sentenced to pay a fine, which he did pay. The application to discharge the judgment and the forfeited recognizance should be granted.

### PEOPLE v. FLYNN et al.'

*(Common Pleas of New York City and County, General Term.* December 2, 1889.)

BAIL—JUDGMENT ON FORFEITED RECOGNIZANCE—VACATION.

A forfeited recognizance will be discharged, where it appears that the default was caused by the prisoner's removal from his former place of employment and residence; that his security did not know of the default till after the forfeiture; and that the prisoner was afterwards convicted, and the fine paid; and it does not appear that the people lost any rights by the delay.

Application to discharge a judgment and forfeited recognizance, in which Patrick Flynn was principal and Patrick J. Carroll surety.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*J. R. Fellows,* Dist. Atty., for the People. *William J. Nicholson,* for defendants.

PER CURIAM. This was a prosecution, under the excise law, for keeping open on Sunday a place duly licensed for the sale of spirituous liquors, at 50 Rutgers street. The recognizance was forfeited on the 25th March, 1889, and the reason of the prisoner not being present on that day, when his case was called, was due to his removal from his former place of employment and residence, and that his security did not ascertain the fact of his non-appearance until subsequent to the forfeiture. On August 6, 1889, the surety produced the principal in court, who was thereupon tried for the offense, found guilty, and sentenced to pay a fine of $30, which has been paid. It does not appear that the people have lost any rights by reason of the delay. The application should therefore be granted.